TRIAD MACK SALES AND SERVICE, INC. v. CLEMENT BROTHERS COMPANY

No. 9321SC199

(Filed 18 January 1994)

1. **Arbitration and Award § 46 (NCI4th) — failure to attend mediated settlement conference — no good cause shown**

   Because the record was void of any evidence that defendant was unable to attend a court ordered mediated settlement conference for any reason beyond its control, the record supported the finding of the trial court that defendant offered no good cause for its failure to attend, and it was immaterial that the failure to attend did not prejudice plaintiff. An unsworn statement by defendant's lawyer that defendant's president was ill and that all other officers, directors and employees were outside the state was not proper evidence which could be considered by the trial court.

   **Am Jur 2d, Arbitration and Award § 9.**

TRIAD MACK SALES & SERVICE v. CLEMENT BROS. CO.

[113 N.C. App. 405 (1994)]

**2. Arbitration and Award § 46 (NCI4th)— failure to attend mediated settlement conference—answer struck and default entered—sanctions appropriate**

The trial court did not abuse its discretion by striking defendant's answer and entering default because the trial court properly found that defendant had no good cause for failing to attend a court ordered mediated settlement conference and was not excused from attending the conference; the order reflected that less severe sanctions were considered by the trial court and rejected as inappropriate, and the sanctions entered were specifically authorized by N.C.G.S. § 1A-1, Rule 37.

**Am Jur 2d, Arbitration and Award § 9.**

Appeal by defendant from order entered 21 October 1992 in Forsyth County Superior Court by Judge Judson D. DeRamus, Jr. Heard in the Court of Appeals 7 December 1993.

*Hutchins, Tyndall, Doughton & Moore, by George E. Doughton, Jr. and Kent L. Hamrick, for plaintiff-appellee.*

*Kluttz, Reamer, Blankenship & Hayes, by Richard R. Reamer, for defendant-appellant.*

GREENE, Judge.

Appeal by Clement Brothers Company (Clement Brothers) from an order filed 21 October 1992 entering default against Clement Brothers as a sanction for the failure of a representative of Clement Brothers to personally appear at a court-ordered mediated settlement conference.

In 1990, Blue Ridge Mack Sales and Service, Inc. (Blue Ridge) entered into a contract with Clement Brothers under which Blue Ridge was to sell Clement Brothers two new Mack trucks at a total purchase price of $205,664. When Blue Ridge tendered the two trucks for delivery, Clement Brothers refused delivery. Blue Ridge subsequently merged into Triad Mack Sales and Service, Inc. (Triad Mack), which brought suit against Clement Brothers seeking $222,981 in damages for Clement Brothers' breach of contract.

On 26 June 1992, Judge Judson D. DeRamus, Jr., entered an order for a mediated settlement conference pursuant to N.C.

**TRIAD MACK SALES & SERVICE v. CLEMENT BROS. CO.**

[113 N.C. App. 405 (1994)]

Gen. Stat. § 7A-38, with such conference to be held on or before 28 September 1992. The order included the following provision:

> The following persons shall physically attend the mediated settlement conference:
>
> . . .
>
> 3. For a corporate party, a representative (*officer, director, employee, or in-house counsel*) with full authority to settle the claim must attend.

By consent of counsel for both parties, the mediated settlement conference was scheduled for 3 September 1992 at 10:00 a.m.

When the conference was held, Triad Mack was represented by its attorney and by its president, James E. Bland, while Clement Brothers was represented only by its attorney, Richard R. Reamer. No officer, director, employee, or in-house counsel of Clement Brothers was physically present at the mediated settlement conference. At the request of Triad Mack's counsel, Mr. Reamer unsuccessfully attempted to contact by telephone Clarence Clement, the president of Clement Brothers. Because Mr. Reamer had no settlement authority, the conference resulted in no progress toward a settlement.

On 10 September 1992, Triad Mack filed a motion seeking sanctions for Clement Brothers' failure to comply with the mediated settlement conference order, requesting among other things, that Clement Brothers' answer be stricken and that a default be entered. Triad Mack's motion came on for argument before Judge DeRamus on 19 October 1992, and following a hearing and review of the documents on file, Judge DeRamus entered an order finding that "there was no good cause for [Clement Brothers] failure to appear at the mediated settlement conference . . . , [and] that [Clement Brothers] was not excused from attending the conference." After considering the imposition of lesser sanctions, Judge DeRamus entered an order which struck Clement Brothers' answer, entered a default against Clement Brothers, taxed Clement Brothers with Triad Mack's share of the mediation expenses, and ordered Clement Brothers to pay Triad Mack $170.00 in attorney's fees. On 10 November 1992, Triad Mack motioned for a default judgment, and on 16 November 1992 Clement Brothers filed notice of appeal from the order imposing sanctions.

Although Triad Mack's motion for default judgment has not yet been decided by the trial court, this interlocutory appeal of the order striking Clement Brothers' answer and entering a default does affect a substantial right and is thus properly before this Court. *Adair v. Adair*, 62 N.C. App. 493, 495, 303 S.E.2d 190, 192, *disc. rev. denied*, 309 N.C. 319, 307 S.E.2d 162 (1983); *Walker v. Liberty Mut. Ins. Co.*, 84 N.C. App. 552, 554-55, 353 S.E.2d 425, 426 (1987).

---

The issues presented are whether: (I) Clement Brothers had good cause for failing to attend the settlement conference; and (II) the trial court abused its discretion by striking Clement Brothers' answer and entering default for Clement Brothers' failure to attend the conference.

Pursuant to N.C. Gen. Stat. § 7A-38, the North Carolina Supreme Court adopted "Rules Implementing Court Ordered Mediated Settlement Conferences" for those judicial districts selected by the Director of the Administrator of Courts to participate in the mediated settlement conference program. *See* N.C.G.S. § 7A-38 (Supp. 1991). Under these Rules the Senior Resident Superior Court Judge is authorized to "require parties and their representatives to attend a pre-trial mediated settlement conference in any civil action except habeas corpus proceedings or other actions for extraordinary writs." Rules Implementing Court Ordered Mediated Settlement Conferences, Rule 1(a) (1993). The Rules specifically require that a corporate party have "an officer, director or employee having authority to settle the claim" "physically attend" the conference. *Id.*, Rule 4(a)(1). Additionally, the corporate party's counsel of record must attend the conference. *Id.*, Rule 4(a)(2). "If a person fails to attend a duly ordered . . . conference without good cause [or an excuse from the Senior Resident Superior Court Judge, N.C. Gen. Stat § 7A-38(f)], a Resident or Presiding Judge may impose upon the party or his principal any lawful sanction, including . . . any . . . sanction authorized by Rule 37(b) of the Rules of Civil Procedure." Rules Implementing Court Ordered Mediated Settlement Conferences, Rule 5 (1993). "Good cause" for a person's failure to attend is an inability to attend caused "neither by its own conduct nor by circumstances within its control." *See Societe Internationale Pour Participations Industrielles v. Rogers*, 357 U.S. 197, 211, 2 L. Ed. 2d 1255, 1267 (1958) (discussing sanctions under Rule 37(b) ). Rule 37(b)(2) permits the imposition of sanctions "as are just" in-

cluding "[a]n order striking out pleadings or parts thereof . . . or rendering a judgment by default against the disobedient party." N.C.G.S. § 1A-1, Rule 37(b)(2) (1990).

## I

**[1]** At the hearing on sanctions, Triad Mack presented evidence that Clement Brothers, a corporation, was ordered to appear at the conference and that no officer, director, or employee appeared. Clement Brothers, who had the burden of showing its good cause for failing to attend, offered only the unsworn statement of its lawyer that its president was ill and that all other officers, directors and employees were outside the state. This statement is not evidence, *see Laing v. Liberty Loan Co. of Smithfield and Albermarle*, 46 N.C. App. 67, 71-72, 264 S.E.2d 381, 384, *disc. rev. denied and appeal dismissed*, 300 N.C. 557, 270 S.E.2d 109 (1980), and was properly not relied upon by the trial court. Furthermore, the record does not reflect that Clement Brothers made any effort to be excused from the conference or to delay the conference. Accordingly, because the record is void of any evidence that Clement Brothers was unable to attend the conference for any reason beyond its control, the record supports the finding of the trial judge that Clement Brothers offered no good cause for its failure to attend. It is immaterial that the failure to attend did not prejudice Triad Mack. *See Roane-Barker v. Southeastern Hosp. Supply Corp.*, 99 N.C. App. 30, 37, 392 S.E.2d 663, 668 (1990) (discussing sanctions under Rule 37(b) ), *disc. rev. denied*, 328 N.C. 272, 400 S.E.2d 454 (1991).

## II

**[2]** Clement Brothers argues that the severe sanction entered in this case must be reversed because there are less drastic sanctions available. Although the sanctions entered by the trial court are severe, the trial court did not abuse its discretion by striking Clement Brothers' answer and entering default because (1) the trial court found that Clement Brothers had no good cause for failing to attend the conference and was not excused from attending the conference, (2) the order reflects that less severe sanctions were considered by the trial court and rejected as inappropriate, and (3) the sanctions entered are specifically authorized by Rule 37(b)(2)c. *See Foy v. Hunter*, 106 N.C. App. 614, 620, 418 S.E.2d 299, 303 (1992) (requiring consideration of less drastic sanctions for violation of Rule 8(a)(2) ).

Affirmed.

Judges COZORT and WYNN concur.