RANDOLPH R. FEW, JR. AND XPRESS AUTOMOTIVE GROUP, INC., PLAINTIFFS v.
HAMMACK ENTERPRISES, INC. F/K/A MUFFLER XPRESS AND BRAKE CENTERS, INC.,
CARLTON L. HAMMACK AND J. ELLIOTT HANEY, JR., DEFENDANTS

RANDOLPH R. FEW, JR. AND XPRESS AUTOMOTIVE GROUP, INC., PLAINTIFFS v.
HAMMACK ENTERPRISES, INC. F/K/A MUFFLER XPRESS AND BRAKE CENTERS, INC.,
AND CARLTON L. HAMMACK, DEFENDANTS

No. COA98-597

(Filed 16 February 1999)

## 1. Arbitration and Mediation— agreement in terms— admissible

N.C.G.S. § 7A-38.1(1) does not prohibit the admission of the outcome of a mediation settlement conference before a judge making the determination of whether settlement was reached and of the terms of that settlement. A mediator is both competent and compellable to testify or produce evidence on whether the parties reached a settlement agreement and as to the terms of the agreement, where the judge is making that determination, but the statute does prohibit the admission of evidence of statements made and conduct occurring in a mediated settlement conference before the finder of fact where the finder of fact is making a determination on the merits of either the present or a future substantive claim. An order sanctioning defendants was remanded for a hearing to determine whether defendants agreed to settlement free from either fraud or mutual mistake and specifically whether defendants agreed to the terms enumerated in a revised Mediated Settlement Agreement.

## 2. Arbitration and Mediation— sanctions—authority

Although the Mediation Rules do not expressly provide for sanctions under any circumstance other than failure to attend without good cause, the trial courts have inherent authority to impose sanctions for willful failure to comply with the rules of court. If the trial court on remand finds that defendants agreed to the enumerated terms of the revised Mediation Settlement Agreement it may, either in addition to or instead of imposition of sanctions for refusal to follow court rules, enter an order requiring defendants to specifically perform the oral contract immortalized by the revised Settlement Agreement.

FEW v. HAMMACK ENTER., INC.

[132 N.C. App. 291 (1999)]

Appeal by defendants Hammack Enterprises, Inc. and Carlton L. Hammack from order filed 5 December 1997 and from judgment filed 5 December 1997 by Judge Orlando F. Hudson, Jr., in Durham County Superior Court. Heard in the Court of Appeals 12 January 1999.

*Hutson Hughes & Powell, P.A., by James H. Hughes and Paul A. Arena, for plaintiff-appellees.*

*Battle, Winslow, Scott & Wiley, P.A., by M. Greg Crumpler, for defendant-appellants Hammack Enterprises, Inc. and Carlton L. Hammack.*

GREENE, Judge.

Hammack Enterprises, Inc. (Hammack, Inc.) and Carlton L. Hammack (Mr. Hammack) appeal from the trial court's Order striking the Answer and Counterclaims filed by Hammack, Inc., Mr. Hammack, and J. Elliot Haney, Jr. (Haney) (collectively, Defendants) and from the trial court's Judgment in favor of Randolph R. Few, Jr. and Xpress Automotive Group, Inc. (collectively, Plaintiffs).

On 19 December 1996, Plaintiffs filed a Complaint against Defendants for breach of contract, fraud, conspiracy to commit fraud, unfair and deceptive trade practices, and conspiracy to commit unfair and deceptive trade practices. Defendants filed their Answer and Counterclaims on 19 March 1997. On 12 May 1997, pursuant to the Rules Implementing Statewide Mediated Settlement Conferences in Superior Court Civil Actions 1(A)(1), 1999 Ann. R. N.C. 59 [hereinafter "Mediation Rules"], the trial court ordered Plaintiffs and Defendants to participate in a mediated settlement conference. On 2 September 1997, the mediator's "Report of Mediator," prepared pursuant to Mediation Rules 6(B)(4), 1999 Ann. R. N.C. 64 (requiring the mediator to "report to the court in writing whether or not an agreement was reached by the parties" and how the action will be concluded), was received by the Trial Court Administrator. The "Report of Mediator" noted that the parties had reached "agreement on all issues" and that a Confession of Judgment voluntarily dismissing the claims against Haney was to be filed by the parties. The mediator then prepared a "Mediated Settlement Agreement," which stated:

[Mr. Hammack and Hammack, Inc.] will sign a Confession of Judgment to [Plaintiffs] in the amount of Five Hundred Thousand Dollars ($500,000.00). Plaintiff[s] shall file a Voluntary Dismissal with Prejudice as to [Haney].

**FEW v. HAMMACK ENTER., INC.**

[132 N.C. App. 291 (1999)]

Following a letter from Plaintiffs noting that, at the mediated settlement conference, the parties had actually agreed to file a Consent Judgment with terms that would make it nondischargeable in bankruptcy, the mediator prepared a revised "Mediated Settlement Agreement," and sent a letter to the parties stating:

> I am enclosing a new revised Mediated Settlement Agreement reflecting the use of a Consent Judgment rather than a Confession of Judgment to effectuate the settlement agreement reached last month as a result of the mediated settlement conference, and also reflecting the protection against bankruptcy agreement and the dismissal of the claim against defendant Haney and the dismissal of all counterclaims as agreed upon.

This revised "Mediated Settlement Agreement" enclosed with the mediator's letter provided, in part:

> 2. This matter has been settled by Consent Judgment, said Judgment to be prepared by the attorney for [Plaintiffs]. The terms of said Consent Judgment to be as follows: [Mr.] Hammack and [Hammack, Inc.] are liable to [Plaintiffs] in the amount of $500,000.00. Consent Judgment to be drafted in a manner that will prevent said Judgment from being dischargeable in Bankruptcy. Upon entry of said Consent Judgment, a Voluntary Dismissal with Prejudice of [Haney] is to [be] filed by Plaintiff[s] and Defendants shall file Voluntary Dismissals with Prejudice [of] all Counterclaims.
>
> 3. Issues not settled by this Agreement are: None.

Plaintiffs signed the revised "Mediated Settlement Agreement" and drafted a Consent Judgment which incorporated the allegations of fraud in their Complaint as findings of fact. Both the revised "Mediated Settlement Agreement" and the proposed Consent Judgment were forwarded by Plaintiffs to Defendants. Defendants informed Plaintiffs in October that they would not sign the revised "Mediated Settlement Agreement" or the proposed Consent Judgment.

On 21 November 1997, Plaintiffs filed a motion to enforce the revised "Mediated Settlement Agreement" entered by the parties and to impose sanctions against Defendants. A hearing was held on Plaintiffs' motions on 4 December 1997. At that hearing, counsel for Defendants contended Plaintiffs' motions "ignore[d] the confidentiality protections of mediated settlement conferences and [sought] to

FEW v. HAMMACK ENTER., INC.

[132 N.C. App. 291 (1999)]

introduce in the cause statements made [and] conduct occurring during the mediated settlement conference, in derogation of N.C.G.S. [§] 7A-38.1(*l*)." Defendants' counsel further informed the trial court he was "not going to go back into the mediated settlement conference and say anything about anybody's conduct or any statements that they made in reference to these matters, . . . because [I am] not going to waive the protections of the confidentiality rule of mediated settlement conferences."

Following the 4 December 1997 hearing, the trial court found:

[At the mediated settlement conference, the parties agreed to] enter into a consent judgment in the amount of $500,000.00, to be drafted by [P]laintiffs in such a way as to prevent said judgment from being dischargeable in bankruptcy. Said judgement [sic] was to include findings of fact and conclusions of law regarding [P]laintiffs' claim for fraud. All other claims by the parties would be dismissed.

. . . .

. . . Thereafter, the mediator reported to the Court that all issues in the case had been settled and issued a mediated settlement agreement to [P]laintiffs for signature. Plaintiffs and [P]laintiffs' counsel executed said mediated settlement agreement and forwarded it to counsel for [D]efendants on September 8, 1997.

. . . .

. . . [C]ounsel for [D]efendants informed counsel for [P]laintiffs in the latter part of October that [D]efendants would not execute either the mediated settlement agreement or the consent judgment.

. . . [D]efendants have offered no reason to this court for their refusal to sign either the mediated settlement agreement or the consent judgment.

. . . The court finds that [D]efendants refusal to sign said documents was unwarranted and constitutes a willful and grossly negligent failure to comply with Rule 4C of the Mediated Settlement Conference Rules in Superior Court Civil Actions resulting in substantial interference with the business of the court.

Based on these and other findings, the trial court concluded:

**FEW v. HAMMACK ENTER., INC.**

[132 N.C. App. 291 (1999)]

[T]he parties reached a settlement of all issues in which [Mr.] Hammack and [Hammack, Inc.] would enter into a consent judgment in the amount of $500,000.00, to be drafted in such a way as to prevent said judgment from being dischargeable in bankruptcy. Said judgement [sic] was to include findings of fact and conclusions of law regarding [P]laintiffs' claim for fraud. All other claims by the parties would be dismissed.

Accordingly, the trial court ordered: (1) Defendants' Answer and Counterclaims be stricken, (2) Plaintiffs' Complaint against Haney be dismissed; and (3) "a judgment shall be entered by this court making findings of fact and conclusions of law on the basis of fraud against [Mr.] Hammack and [Hammack, Inc.] in the amount of $500,000.00 . . . ." The trial court thereafter, "[o]n consideration of the undisputed allegations contained in [P]laintiffs' complaint," found as fact the allegations of fraud contained in Plaintiffs' Complaint, and entered judgment in favor of Plaintiffs in the amount of $500,000.00.

The issues are whether: (I) evidence of an agreement (and its terms) reached by the parties at a mediated settlement conference is admissible; and (II) the trial court had the authority to strike Defendants' Answer and Counterclaims for failure to execute the revised "Mediated Settlement Agreement."

I

**[1]** Section 7A-38.1, which "require[s] parties to superior court civil actions and their representatives to attend a pretrial, mediated settlement conference," provides:

Inadmissibility of negotiations.—Evidence of statements made and conduct occurring in a mediated settlement conference shall not be subject to discovery and shall be inadmissible in any proceeding in the action or other actions on the same claim. However, no evidence otherwise discoverable shall be inadmissible merely because it is presented or discussed in a mediated settlement conference.

N.C.G.S. § 7A-38.1(*l*) (1995). Defendants contend this provision prevents the parties and the mediator from revealing whether an agreement was reached at the mediated settlement conference. We disagree.

"The cardinal principle of statutory construction is that the intent of the legislature is controlling." *Nationwide Mutual Ins. Co. v.*

*Mabe*, 342 N.C. 482, 494, 467 S.E.2d 34, 41 (1996). To ascertain our General Assembly's legislative intent, we look at "the phraseology of the statute [as well as] the nature and purpose of the act and the consequences which would follow its construction one way or the other." *Id.* We will not adopt an interpretation that would result in injustice "when the statute may reasonably be otherwise consistently construed with the intent of the act." *Id.* Finally, whenever possible, we will construe a statute "so as to avoid absurd consequences." *Id.*

Construing section 7A-38.1(*l*) consistently with its nature and purpose, we hold that section 7A-38.1(*l*) does not prohibit the admission of the outcome of a mediation settlement conference before a judge making the determination of whether settlement was reached and of the terms of that settlement. Section 7A-38.1(*l*) was enacted to prevent a chilling effect on settlement negotiations by allowing parties to freely make settlement offers without fear that these offers would be revealed to a subsequent finder of fact as some evidence of liability on either the present or a future substantive claim. *See* John G. Mebane, III, *An End to Settlement on the Courthouse Steps? Mediated Settlement Conferences in North Carolina Superior Courts*, 71 N.C. L. Rev. 1857, 1872 (1993) ("For mediation to be effective, the parties must feel completely free to tell their sides of the story without worrying that such statements will later be used against them."); Kenneth R. Feinberg, *Mediation— A Preferred Method of Dispute Resolution*, 16 Pepp. L. Rev. S5, S28-29 (1989) (noting that confidentiality is critical to the success of mediation because the parties must "feel free to advance tentative solutions and to make statements without fear that they will later be used as a basis for liability or as a measure of damage"). We find additional support for this position in our Rules for Court-Ordered Arbitration, which were initially adopted by our Supreme Court in 1986. *See Sara Lee Corp. v. Carter*, 129 N.C. App. 464, 475, 500 S.E.2d 732, 739 (1998) (noting that "a mediator is of the same kind, character, and nature as an arbitrator"); Rules for Court-Ordered Arbitration 5, 1999 Ann. R. N.C. 52 (subsection (c) provides that "[n]o reference may be made to prior arbitration proceedings *in the presence of a jury* without consent of all parties to the arbitration and the court's approval"; subsection (d) provides that no evidence of prior arbitration proceedings is admissible "*in a trial de novo, or in any subsequent proceeding involving any of the issues in or parties to the arbitration,* without the consent of all parties to the arbitration and the court's approval"; subsection (e) provides that the arbitrator "may not be deposed or called

as a witness to testify concerning anything said or done in an arbitration proceeding *in a trial de novo or any subsequent civil or administrative proceeding involving any of the issues in or parties to the arbitration*" (emphases added)). Accordingly, we do *not* read section 7A-38.1(*l*) as prohibiting the admission of testimony or other evidence[1] of the *outcome* of the mediation settlement conference before a judge making the determination of whether settlement was reached and of the terms of that settlement.[2] It follows that, in this limited context, evidence of an agreement, and the terms of that agreement, reached by the parties during a mediated settlement conference is admissible.

Section 7A-38.1(*l*) also provides: "No mediator shall be compelled to testify or produce evidence concerning statements made and conduct occurring in a mediated settlement conference in any civil proceeding for any purpose, except proceedings for sanctions under this section . . . ." N.C.G.S. § 7A-38.1(*l*). For the reasons noted above, we hold that a mediator is both competent and compellable to testify or produce evidence on whether the parties reached a settlement agreement, and as to the terms of the agreement, where the judge is making that determination. In any event, in "proceedings for sanctions," the mediator is both competent and compellable to testify or produce evidence to allow the trial court to determine whether sanctions are appropriate.

We do not fault Defendants' counsel's caution, however, in failing to present evidence on this matter, in light of the broad (and previously unconstrued) language of section 7A-38.1(*l*). We therefore vacate the trial court's Order sanctioning Defendants and remand for a hearing, at which both parties may present evidence, to determine whether Defendants, free from either fraud or mutual mistake, agreed to settlement, and specifically whether Defendants agreed to the terms enumerated in the revised "Mediated Settlement Agreement." *Cf. Becker v. Becker*, 262 N.C. 685, 690, 138 S.E.2d 507, 511 (1964) (allowing parties to challenge a consent judgment by showing that agreement was reached only as a result of fraud or mutual mistake).

---

1. The "Report of Mediator," which noted that Plaintiffs and Defendants had reached "agreement on all issues," and the two versions of the "Mediated Settlement Agreement" prepared by the mediator constitute admissible evidence in this context.

2. Of course, section 7A-38.1(*l*) does prohibit the admission of evidence of statements made and conduct occurring in a mediated settlement conference before the finder of fact where the finder of fact is making a determination on the merits of either the present or a future substantive claim.

II

**[2]** Defendants further contend that, even assuming they agreed to the enumerated terms of the revised "Mediated Settlement Agreement," the trial court lacked authority to sanction them for failure to execute that agreement. We disagree.

Trial courts have authority, pursuant to Rule 5 of the Mediation Rules, to impose "any appropriate monetary sanction" on a person required to attend a mediated settlement conference who fails to attend without good cause. Mediation Rules 5, 1999 Ann. R. N.C. 63; *Triad Mack Sales & Service v. Clement Bros. Co.*, 113 N.C. App. 405, 438 S.E.2d 485 (1994) (affirming the trial court's order striking the defendant's answer for failure to attend a mediated settlement conference pursuant to Rule 5, which, at that time, provided that failure to attend without good cause could result in "any lawful sanction"). The Mediation Rules do not expressly provide for sanctions under any other circumstance. *See* Mediation Rules, 1999 Ann. R. N.C. 59-67. Even absent an express grant of authority, however, trial courts have inherent authority to impose sanctions for wilful failure to comply with the rules of court. *Lee v. Rhodes*, 227 N.C. 240, 242, 41 S.E.2d 747, 749 (1947) (noting that the trial court "was not without power to deal with" a plaintiff's bad faith withdrawal of consent to settlement); *Lomax v. Shaw*, 101 N.C. App. 560, 563, 400 S.E.2d 97, 98 (1991) (affirming trial court's order, pursuant to its inherent authority, striking the defendants' answer where the defendants "offered no plausible excuse as to why they did not execute [a previously agreed upon] consent judgment"). Accordingly, the trial court has inherent authority to sanction a party for wilful failure to comply with the Mediation Rules.

In this case, the trial court entered an order striking Defendants' Answer and Counterclaims for their "unwarranted refusal" to sign the revised "Mediated Settlement Agreement" memorializing the agreement of the parties, finding that Defendants' refusal constituted "a willful and grossly negligent failure to comply with Rule 4C of the Mediated Settlement Conference Rules in Superior Court Civil Actions resulting in substantial interference with the business of the court." Rule 4C provides in part: "If an agreement is reached in the conference, parties to the agreement *shall* reduce its terms to writing and sign it along with their counsel." Mediation Rules 4C, 1999 Ann. R. N.C. 63 (emphasis added). Although any agreement reached must be reduced to a signed writing, the failure of the parties to reduce

**FEW v. HAMMACK ENTER., INC.**

[132 N.C. App. 291 (1999)]

their agreement to a signed writing does not preclude a finding that the parties indeed reached agreement at the mediated settlement conference. Indeed, it is well settled that parties may orally enter a binding agreement to settle a case. *See* 15A Am. Jur. 2d *Compromise and Settlement* § 10, at 782 (1976) ("[N]o particular form of agreement and no writing is ordinarily essential to a valid compromise."); *cf. Manufacturing Co. v. Union*, 20 N.C. App. 544, 548, 202 S.E.2d 309, 312 (noting that parties may orally consent to a consent judgment), *cert. denied*, 285 N.C. 234, 204 S.E.2d 24 (1974); *Nickels v. Nickels*, 51 N.C. App. 690, 693-94, 277 S.E.2d 577, 579 ("[S]ignatures of parties or their attorneys [on a consent judgment are] not necessary if consent is made to appear."), *disc. review denied*, 303 N.C. 545, 281 S.E.2d 392 (1981). If, on remand, the trial court determines that Defendants orally agreed to settlement and to the terms enumerated in the revised "Mediated Settlement Agreement," it may again enter an order imposing sanctions for Defendants' refusal to comply with Rule 4C of the Mediation Rules. We note that striking a party's answer is a severe sanction which should only be imposed where the trial court has considered less severe sanctions and found them to be inappropriate. *See Triad Mack Sales & Service*, 113 N.C. App. at 409, 438 S.E.2d at 488. Furthermore, if, on remand, the trial court finds that Defendants agreed to the enumerated terms of the revised "Mediated Settlement Agreement," it may, either in addition to or instead of the imposition of sanctions for refusal to follow court rules, enter an order requiring Defendants to specifically perform the oral contract memorialized by the revised "Mediated Settlement Agreement." *See State ex rel. Howes v. Ormond Oil & Gas Co.*, 128 N.C. App. 130, 137, 493 S.E.2d 793, 797 (1997) (noting that although a trial court may not enter a consent judgment to which the parties no longer agree or with terms to which the parties did not agree, it may enter a judgment specifically enforcing "the terms found in the parties' settlement agreement").

In summary, we vacate the Order of the trial court sanctioning Defendants and remand for a hearing, at which both parties may present evidence, to determine whether, and under what terms, Defendants agreed to settle this case. Because the Judgment of the trial court is based on the "undisputed" allegations of Plaintiffs' Complaint, and because these allegations are undisputed only because Defendants' Answer and Counterclaims were stricken as a sanction in the trial court's Order, we likewise vacate the Judgment of the trial court. Accordingly, we need not address Defendants' remaining contentions, as they may not recur on remand.

Vacated and Remanded.

Judges JOHN and HUNTER concur.