WYNN, Judge.
Defendant Ki Networks, Inc. appeals the trial court's order enforcing a settlement agreement contending (I) the agreement was unenforceable due to fraudulent misrepresentation, mutual mistake or unilateral mistake and (II) the trial court lacked authority to award attorney's fees. We affirm in part and vacate in part.
Plaintiff Eric Herget was employed by Ki Networks, Inc. as a product engineer. In 2001, disagreements between Herget and his employer arose as to Herget's salary and benefits. He alleged that there was a discrepancy between his salary as stipulated in the employment contract and the salary he was receiving and he believedKi Networks had either failed to or was late in making several deposits into his 401K account. After the employment relationship ended on 1 March 2001, Herget allegedly did not receive his last paycheck until 18 July 2001. The final paycheck did not include payment for Herget's compensatory time.
Based upon these allegations, Herget filed a complaint against Ki Networks, Inc. on 11 June 2002. Pursuant to court order, the parties held a mediated settlement conference on 12 November 2002. During the conference, Ki Networks alleges Herget's attorney represented that if a settlement was not agreed upon, Herget would file a federal ERISA claim against Ki Networks for failure to give Herget documents relating to his 401K plan. Due to this representation, Ki Networks contends they agreed to a settlement and signed a Memorandum of Understanding in order to avoid the federal claim. A week later, however, Ki Networks refused to sign a proposed Settlement Agreement and Release of all claims because after the conference, it discovered a letter to Herget addressing his request for 401K documents. Herget moved to enforce the mediated settlement agreement. The trial court granted the motion and awarded Herget attorney's fees. From this order, Ki Networks appeals.
Ki Networks contends the agreement should be set aside based upon fraudulent misrepresentation, mutual mistake or unilateral mistake, and accordingly, this Court should either reverse and/or vacate the trial court's order and remand for a full hearing as thetrial court did not address these contentions. In its order, the trial court found "the Memorandum unambiguously addresses the terms of the parties' agreement and constitutes a contract as to which both Plaintiff and Defendant are bound." We agree with the trial court's determination as the record does not support Ki Networks' allegations of fraudulent misrepresentation, mutual mistake or unilateral mistake.
A. Fraudulent Misrepresentation
"To obtain relief from a contract on the ground of fraud, the complaining party must show: a false factual representation known to be false or made in culpable ignorance of its truth with a fraudulent intent, which representation is both material and reasonably relied upon by the party to whom it is made, who suffers injury as a result of such reliance." Massey v. Duke Univ., 130 N.C. App. 461, 465, 503 S.E.2d 155, 158 (1998).
Ki Networks contends Herget made a fraudulent misrepresentation regarding an ERISA claim he would initiate based upon Defendant's failure to provide requested 401K information if settlement did not occur. Ki Networks contends Herget's assertions that the information was not provided were false and the representations were material to the mediation. In a 4 March 2002 letter, Ki Networks' attorney, responding to Herget's letters dated 3 and 4 January 2002 requesting certain documents, stated: "These documents are on file at the office of Ki NETWORKS, Inc. You are welcome to visit the office of Ki NETWORKS, Inc. Monday through Friday between 9:00 AM and 2:00 PM to review and/or copy thedocuments." Based upon this letter, Ki Networks contends Herget's mediation assertions regarding his ability to bring an ERISA claim were false.
However, 29 U.S.C. § 1132(c)(1), in pertinent part states:
(c) Administrator's refusal to supply requested information; penalty for failure to provide annual report in complete form.
(1) Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, . . . each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.
(emphasis supplied) As indicated by the 4 March 2002 letter, Ki Networks did not respond to Herget's request within thirty days of his 3 and 4 January 2002 request. As Herget may have had a valid claim under 29 U.S.C. 1132(c)(1), he did not make a fraudulent misrepresentation during mediation.
B. Mutual Mistake
Ki Networks contends a mutual mistake occurred because Herget may have been mistaken as to the fact that he had received correspondence from Ki Networks' attorney regarding his request forplan documents and that Ki Networks was allegedly mistaken because it was "clearly not aware that plaintiff was operating under any sort of mistaken belief." We disagree.
"A contract may be avoided on the ground of mutual mistake of fact when there is a mutual mistake of the parties as to an existing or past fact that is material and enters into and forms the basis of the contract or is `of the essence of the agreement.'" Creech v. Melnik, 347 N.C. 520, 527, 495 S.E.2d 907, 912 (1998). The record fails to show Herget was mistaken about any of the facts of the lawsuit. Herget believed he had a viable 29 U.S.C. 1132 claim and the 4 March 2002 letter from Defendant's attorney was not contrary to that belief. Rather, the contents of the 4 March 2002 letter evidences Ki Networks did not respond to Herget's request within thirty days.
C. Unilateral Mistake
Our Supreme Court has "indicated that there can be no relief from a unilateral mistake. [However, our Supreme Court has] pointed out that the requirement that the mistake be mutual is not without exceptions. The mistake of one party is sufficient to avoid a contract when the other party had reason to know of the mistake or caused the mistake." Id. Ki Networks contends it was operating under a mistaken belief that Herget was telling the truth about the circumstances surrounding the ERISA claim. However, as indicated, Herget may have had a valid 29 U.S.C. 1132 claim as evidenced by Ki Networks' 4 March 2002 letter. Accordingly, Herget was telling the truth about the ERISA claim. As such, Ki Networkswas not operating under an unilateral mistake.
Next, Ki Networks argues the trial court did not have a statutory basis for awarding attorney's fees. Although it did not state any basis for the award, in its order, the trial court ordered "the Defendant pay to Plaintiff attorneys' fees in the amount of one thousand three hundred ($1,300) dollars." "It is settled law in North Carolina that ordinarily attorneys fees are not recoverable either as an item of damages or of costs, absent express statutory authority for fixing and awarding them." United Artists Records, Inc. v. Eastern Tape Corp., 18 N.C. App. 183, 187, 196 S.E.2d 598, 602, cert. denied, 283 N.C. 666, 197 S.E.2d 880 (1973). Herget argues that the attorney's fees were awarded in this case as a sanction against Ki Networks for its refusal to comply with the court-ordered mediated settlement agreement. Indeed, "even absent an express grant of authority, however, trial courts have inherent authority to impose sanctions for wilful failure to comply with the rules of court," Few v. Hammack Enters., Inc., 132 N.C. App. 291, 298, 511 S.E.2d 665, 670 (1999), or "to sanction attorneys for misconduct, which sanctions may include the imposition of attorney's fees." Couch v. Private Diagnostic Clinic, 146 N.C. App. 658, 665, 554 S.E.2d 356, 362 (2001). In this case, Ki Networks neither failed to comply with the rules of court nor acted inappropriately. Rather, Ki Networks believed it had a valid basis for setting aside the settlement agreement. As no basis for the award was stated in the trial court's order and Herget does not present any other basis for upholding the award on appeal, wevacate the trial court's award of attorney's fees.
Affirmed in part, Vacated in part.
Judges CALABRIA and LEVINSON concur.
Report per Rule 30(e).