OSCN Found Document:Question Submitted by: The Honorable Bob Anthony, Oklahoma Corporation Commission

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 Question Submitted by: The Honorable Bob Anthony, Oklahoma Corporation Commission
2025 OK AG 1
Decided: 01/13/2025
Oklahoma Attorney General Opinions
Cite as: 2025 OK AG 1, __ __

 
¶0 This office has received a request for an Attorney General Opinion in which you asked, in effect, the following questions:
1. Under the Oklahoma Statutes, does title 17, section 282(F)'s prohibition on disclosure to the Commission apply only to "a settlement conference" held in any contested "public utility rate proceeding," as provided in title 17, section 282, subsections A and F, and does it apply only if a party requests and the Commission orders a settlement conference, or does it also apply to cases where the Commission does not order a settlement conference but settlement discussions occur anyway? 
2. Does title 17, section 282(F)'s prohibition on disclosure to the Commission apply if a settlement judge is not designated or present for the settlement conference?
3. Does title 17, section 282(F)'s prohibition on disclosure to the Commission apply to closed cases for which final orders have issued and more than thirty days have passed without an appeal? If so, does such prohibition on disclosure continue in perpetuity?
4. Does the phrase "disclosed to the Commission" used in title 17, section 282(F) of the Oklahoma Statutes prohibit disclosure to a single Commissioner?
I.
SUMMARY
¶1 First, the prohibition on disclosure of settlement matters ("prohibition") under title 17, section 282(F) of the Oklahoma Statutes applies to settlement conferences in contested public utility rate proceedings. Second, the prohibition extends to both Commission-ordered settlement conferences and party-initiated settlement conferences. The prohibition applies even when the Commission has not designated a settlement judge or in the absence of a designated settlement judge. Third, the prohibition covers closed cases and continues into perpetuity. Finally, because the prohibition precludes the Commission as a whole, this also means that the prohibition also applies to a single commissioner.
II.
BACKGROUND
¶2 You ask about the statutory prohibition on disclosure of confidential and privileged information to the Oklahoma Corporation Commission ("Commission"). To answer your questions, it is necessary to begin with the legal authorities that regulate public utility rate proceedings.
¶3 "The Corporation Commission is a tribunal of limited jurisdiction and has only such jurisdiction and authority as is expressly or by necessary implication conferred upon it by the Constitution and statutes of this state." Merritt v. Okla. Corp. Comm'n, , ¶ 7, . The Oklahoma Constitution grants general powers to the Commission relating to the regulation and oversight of public utilities:
The Commission shall have the power and authority and be charged with the duty of supervising, regulating and controlling all transportation and transmission companies doing business in this State, in all matters relating to the performance of their public duties and their charges therefor, and of correcting abuses and preventing unjust discrimination and extortion by such companies; and to that end the Commission shall, from time to time, prescribe and enforce against such companies, in the manner hereinafter authorized, such rates, charges, classifications of traffic, and rules and regulations, and shall require them to establish and maintain all such public service, facilities, and conveniences as may be reasonable and just, which said rates, charges, classifications, rules, regulations, and requirements, the Commission may, from time to time, alter or amend.
OKLA. CONST. art. IX, § 18. The Legislature has also granted additional powers and duties to the Commission in furtherance of its duty to regulate public utilities. Specifically, the Commission's regulatory powers include:
The Commission shall have general supervision over all public utilities, with power to fix and establish rates and to prescribe and promulgate rules, requirements and regulations, affecting their services, operation, and the management and conduct of their business; shall inquire into the management of the business thereof, and the method in which same is conducted. 
(A). Also, the Legislature has directed the Attorney General to be the ratepayers' advocate, "represent[ing] and protect[ing] the collective interests of all utility consumers of this state in rate-related proceedings before the Corporation Commission or in any other state or federal judicial or administrative proceeding." (A)(21).
¶4 Your questions center on the Commission's statutory authority to require the parties to engage in a settlement conference. See (A). Section 282(A) indicates that the Commission "shall at the request of any of the parties, order a settlement conference among the parties, to be held at a time and place to be fixed by the Commission." Id. Further, the Commission will appoint a settlement judge with the concurrence of the utility and the Attorney General. Id. § 282(B). And any settlement reached by the parties requires the Commission's ultimate approval. Id. § 282(E). Finally, section 282(F) attaches confidentiality and privilege to settlement materials:
All matters discussed at a settlement conference, and any materials which may be distributed in connection with a settlement conference, shall be considered privileged and confidential. Accordingly, all such matters and materials shall not be admissible in any public utility rate proceeding, and shall not be disclosed to the Commission, except for any settlement reached by the parties which is submitted to the Commission for approval under subsection E of this section.
Id. § 282(F) (emphasis added). You ask this office to clarify the bounds of such privilege and confidentiality in settlement negotiations between parties before the Commission.
III.
DISCUSSION
A. The grant of privilege, confidentiality, and prohibition on disclosure to the Commission set forth in title 17, section 282(F) of the Oklahoma Statutes applies to any settlement conference held in relation to any "public utility rate proceeding," and section 282(F)'s prohibition against disclosure applies to the Commission-ordered settlement conferences and party-initiated settlement conferences.
¶5 To maintain the privilege and confidentiality attached to settlement activity, section 282(F) applies to any settlement conference held in relation to a public utility rate proceeding. Rules of statutory interpretation compel the conclusion that all settlement conferences in public utility rate proceedings are privileged and confidential.
¶6 The central objective in construing statutes is to capture the Legislature's intent. Heldermon v. Wright, 2006 OK 866, ¶ 12, , 859. "[A]scertaining . . . [legislative] intent . . . [includes] look[ing] 'to each part of an act, to other statutes upon the same or relative subjects, to the evils and mischiefs to be remedied, and to the natural and absurd consequences of any particular interpretation.'" Sierra Club v. State, , ¶ 18, (quoting Blevins v. W.A. Graham Co., , ¶ 8, , 248). Section 282(A)'s reference to "at the request of any of the parties" means that each party in a public utility rate proceeding has the right to demand a settlement conference. By enacting section 282, the Legislature prioritized judicial economy by providing a right for a party to request a settlement conference.
¶7 The established privilege and confidentiality also promote candor between the parties during negotiations, and it allows parties to appropriately weigh the value of settlement in lieu of litigation. This is a well-established principle in Oklahoma, as reflected by the rules of evidence:
Evidence of:
1. Furnishing, offering or promising to furnish; or
2. Accepting, offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for the claim, invalidity of the claim or the amount of the claim.
Evidence of conduct or statements made in compromise negotiations is not admissible.
 (emphasis added); see also § 14:101. Confidential and nonbinding negotiations, 5 Okla. Prac., Appellate Practice § 14:101 (2024 ed.). Parties are likely to be unwilling to negotiate if whatever they disclosed or proffered could be used to undermine their litigation position in the event settlement negotiations fail, creating a chilling effect on potential settlements.
¶8 The parties to any proceeding before the Commission possess the inherent power to confer confidentially to resolve matters and present a settlement to the Commission. The Oklahoma Supreme Court and Legislature have both encouraged parties to settle their differences and reach compromises. Therefore, construing section 282(A) to prevent parties from engaging in a settlement conference without the intervention or express order of the Commission is an absurd and nonsensical interpretation. Such interpretation erodes the statute's clear purpose--to promote compromise and judicial economy and conserve taxpayer resources. Even more, prohibiting or discouraging parties from settling without Commission intervention strains the Commission's finite resources.
¶9 While section 282(F) grants privilege and confidentiality in public utility rate proceedings, sound public policy dictates that parties before the Commission should be able to enjoy the same privilege and confidentiality as to materials distributed and matters discussed related to any settlement conference. With this understanding, section 282(F)'s grant of privilege and confidentiality to settlement conferences should be understood to apply to any settlement conference related to a public utility rate proceeding. As noted above, such privileged and confidential information is inadmissible in Commission proceedings and shall not be disclosed to the Commission. Id.
¶10 Moreover, section 282(F) does not distinguish between settlement conferences ordered by the Commission or those initiated independently by the parties. Thus, section 282(F)'s grant of privilege and confidentiality apply to all settlement conferences related to public utility rate proceedings regardless of whether initiated by the parties or ordered by the Commission.
B. Section 282(F)'s prohibition against disclosure applies irrespective of the appointment of a settlement judge by the Commission.
¶11 Nothing in section 282 requires the appointment of a settlement judge. Section 282(B) does, however, prescribe the process for appointing a settlement judge. The appointment requires approval by the utility and the Attorney General. The involvement of a settlement judge does not affect the privileged or confidential nature of settlement conferences granted under section 282(F). This is similar to the intent under title 12 of the Oklahoma Statutes, which in relevant part states, "evidence of conduct or statements made in compromise negotiations is . . . [in]admissible." .
¶12 If a settlement judge is appointed, that judge will preside at the settlement conference and must abide by the requirements of section 282(F). Moreover, the settlement judge is to take "no part" in the adjudication of the proceeding subsequent to a conference. Id. § 282(B). In discussing the merits of the confidentiality attached to mediation, the Oklahoma Supreme Court observed:
[T]he purpose of maintaining the confidentiality of communications made during mediation is . . . to prevent a chilling effect on settlement negotiations by allowing parties to freely make settlement offers without fear that these offers would be revealed to a subsequent finder of fact as some evidence of liability on either the present or a future substantive claim.
Garnett v. Gov't Emps. Ins. Co., , ¶ 19, , 943, as corrected (May 14, 2008) (citing Few v. Hammack Enterprises, Inc., 132 N.C.App. 291, 511 S.E.2d 665, 669 (1999)). If parties' offers of compromise could be disclosed to or considered by the ultimate trier of fact, whether the administrative law judge or the Commission sitting en banc, parties would be unlikely to engage in a settlement conference in Commission proceedings. Additionally, such disclosure could undermine the parties' litigation position. For example, the administrative law judge or Commission en banc might question a party's filed, lower litigation position if its settlement position was higher or vice versa. Consequently, parties before the Commission should be able to expect that the privilege and confidentiality attached to settlement discussions and materials remain intact irrespective of the Commission appointing an administrative law judge for settlement purposes or not.
C. Section 282(F) prohibition against disclosure applies to closed cases and continues in perpetuity.
¶13 Section 282(F) makes clear that the only "public" memorialization of the settlement conference is the agreement reduced to writing and submitted to the Commission for approval under section 282(E). In fact, section 282(F) sets no expiration date for the privileged or confidential nature of the discussions and materials distributed in settlement conferences. Cf. Swidler & Berlin v. U.S., 524 U.S. 399 (1998) (holding that the attorney-client privilege survives the death of a client, thus the privilege here should survive after the Commission proceeding ends and appeals exhausted). "In the absence of ambiguity or conflict with another enactment, our task is limited to applying a statute according to the plain meaning of the words chosen by the Legislature, which presumptively express that body's intent." Broadway Clinic v. Liberty Mut. Ins. Co., , ¶ 15, .
¶14 Disclosure of such privileged and confidential discussions, even after the conclusion of a particular case, could undermine the settling parties' arguments or litigation positions in future cases where similar issues or arguments may be raised. Finding that such privilege continues in perpetuity furthers the legislative intent and the evils or harms to be avoided by the statute. See Sierra Club, at ¶ 18, 405 P.3d at 698.
D. The phrase "disclosed to the Commission" in section 282(F) prohibits disclosure to all commissioners individually and to the Commission as a whole.
¶15 The prohibition against disclosure to the Commission encompasses both the Commission when sitting together as a multi-member decision-making body and the Commissioners individually. For the Legislature's intent to have any meaning and effect here, section 282(F)'s prohibition on disclosure to the Commission must apply in both scenarios. Any other reading ignores section 282(F)'s objective: to prevent the Commission from considering the parties' settlement positions when the Commission ultimately makes its decision. Giving even one commissioner access to such discussions and materials undermines this objective. Simply put, if it applies as a whole, it must also apply individually.
* * *
¶16 It is, therefore, the official Opinion of the Attorney General that: 

1. The grant of privilege and confidentiality, and prohibition on disclosure to the Commission under title 17, section 282(F) of the Oklahoma Statutes applies to any settlement conference held in relation to any "public utility rate proceeding." Regardless of whether the Commission orders a settlement conference or the parties initiate settlement discussions, the prohibition on disclosure under title 17, section 282(F) applies. 
2. The prohibition against disclosure of settlement matters under title 17, section 282(F) applies irrespective of the appointment of a settlement judge by the Commission.
3. The prohibition against disclosure of settlement matters under title 17, section 282(F) applies to closed cases and continues into perpetuity.
4. The phrase "disclosed to the Commission" in title 17, section 282(F) prohibits disclosure to all commissioners individually and to the Commission as a whole.
 

GENTNER DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. GROSSNICKLAUS
SENIOR ASSISTANT ATTORNEY GENERAL
A. CHASE SNODGRASS
DEPUTY ATTORNEY GENERAL
FOOTNOTES
 The nature of most public utility proceedings, including general base rate cases, is legislative rather than judicial. See City of Okla. City v. Okla. Corp. Comm'n, , ¶ 28, 558 P.3d 1231 ("A ratemaking hearing is legislative because it establishes a future rule."); In re Application of Okla. Gas & Elec. Co., , ¶ 14, n.26, ("A ratemaking hearing, for example, is always a legislative proceeding because it establishes a rule for the future.") (citing Wiley v. Okla. Natural Gas Co., , ¶ 3, ; Turpen v. Okla. Corp. Comm'n, , ¶ 76, ).
 The Oklahoma Supreme Court has articulated that "the law and public policy favor settlements and compromises, entered into fairly and in good faith between competent persons, as a discouragement to litigation." Whitehead v. Whitehead, , ¶ 9, , 1101. The Legislature has also favored settlement. See Hubbard v. Kaiser-Francis Oil Co., , ¶ 10, (discussing the legislative intent of title 12, section 1101.1 of the Oklahoma Statutes as encouraging settlement).
 Nothing in this opinion should be understood to undermine any other legal principle or authority as to privilege or confidentiality of any other docket or type of proceeding at the Commission. This opinion intends to only address whether title 17, section 282(F), specifically, applies to all cases or only public utility rate related cases.
 Hair v. Oklahoma Corp. Comm'n, , ¶ 13, , 138 (construing sections 15 and 18a(B) of Article IX, the Court found that the Commission "is an aggregate of State officers... is a single composite body[.]"; see also ; .

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105