State v. McGee

---

STATE OF NORTH CAROLINA v. RODNEY MICHAEL McGEE

No. 8327SC437

(Filed 7 February 1984)

**1. Criminal Law § 80— magistrate's order properly admitted into evidence**

The trial court properly admitted into evidence a magistrate's order finding defendant in contempt of court even though the order was not identified

by a witness and no foundation was laid to establish its authenticity since G.S. 8-34 provides that "[c]opies of . . . documents, recorded or filed as records in any court" can be considered as competent evidence.

**2. Contempt of Court § 6.2— insufficiency of evidence**

The superior court erred in failing to grant defendant's motion to dismiss a contempt charge at the close of all the evidence where the magistrate's order of contempt was the only evidence offered at the de novo trial, and standing alone, it did not constitute sufficient evidence to find him in contempt.

APPEAL by defendant from *Lane, Judge.* Judgment entered 13 January 1983 in Superior Court, GASTON County. Heard in the Court of Appeals 1 December 1983.

On 5 January 1983, defendant was arrested on charges of obstructing and delaying a Bessemer City police officer by refusing to get out of his van when ordered to do so. Defendant was found to be in contempt and was sentenced to 30 days in jail by the magistrate, L. D. Adams, for making a disrespectful statement to Adams and for calling the magistrate's office on 4 January and 5 January to repeatedly harass him. Defendant's appeal of the contempt charge was heard in Superior Court on 13 January 1983. After the court found defendant in contempt and ordered him into custody, defendant gave notice of appeal.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General John F. Maddrey, for the State.*

*Frederick R. Stann for plaintiff appellant.*

ARNOLD, Judge.

[1] Defendant first contends that the court erred in admitting into evidence the magistrate's order finding him in contempt of court because the document was not identified by a witness and no foundation was laid to establish its authenticity. We reject this contention. It is generally accepted that "[a] court will notice earlier proceedings in the same cause . . ." 1 Brandis on North Carolina Evidence, § 13 (2d Rev. Ed. 1982). In addition, certain documentary evidence is admissible without authentication if it is inherently reliable. *See In re Arthur,* 27 N.C. App. 227, 218 S.E. 2d 869 (1975), *reversed on other grounds,* 291 N.C. 640, 231 S.E.

State v. McGee

2d 614 (1977). Furthermore, G.S. 8-34 provides that "[c]opies of . . . documents, recorded or filed as records in any court" can be considered as competent evidence. The order of the magistrate was properly admitted to determine whether he had the authority to hold defendant in contempt.

[2] Defendant next contends that the court erred in failing to grant his motion to dismiss at the close of all the evidence. He argues that even if the magistrate's order of contempt was properly admitted into evidence that document, standing alone, did not constitute sufficient evidence to find him in contempt. We agree, and find that defendant's motion to dismiss was improperly denied.

In ruling on a motion to dismiss in a criminal action, "all of the evidence, whether competent or incompetent, must be considered in the light most favorable to the state, and the state is entitled to every reasonable inference therefrom." *State v. Smith*, 300 N.C. 71, 78, 265 S.E. 2d 164, 169 (1980). The only evidence offered at the de novo trial (G.S. 5A-17), however, was the magistrate's order, which was received in accordance with the court's finding that "the matter in issue is the judgment itself . . . the validity of that judgment." This evidence alone does not provide a sufficient basis to uphold the magistrate's finding of contempt. The document merely indicates that defendant told the magistrate, "Shut up fellow, I don't have to hear this" and that he called the magistrate's office on 4 January and 5 January. There is no independent evidence to show contempt by defendant. The order of the trial court holding defendant in contempt must be

Reversed.

Judges JOHNSON and PHILLIPS concur.