GEORGE NOHEJL AND HOPE NOHEJL, PLAINTIFFS v. FIRST HOMES OF CRAVEN COUNTY, INC., DOUG K. SPEAR, WILSON CONSTRUCTION COMPANY, AND GEORGE WILSON, DEFENDANTS

No. COA94-1090

(Filed 5 September 1995)

## Contempt of Court § 35 (NCI4th)— repairs to dwelling— enforcement of consent order by contempt—failure to provide means to purge—conditional award of attorney fees— error

A consent order regarding repairs to a dwelling was enforceable through the contempt powers of the trial court where it contained findings of fact and an order based on those findings; however, the trial court erred by failing to provide defendant with a means to purge himself of the contempt and by making a conditional award of attorney fees, absent statutory authority or an express contractual provision.

**Am Jur 2d, Contempt §§ 104 et seq.**

Appeal by defendant George Wilson from an order entered 28 January 1994 by Judge Herbert O. Phillips, III, in Craven County Superior Court. Cross-appeal by plaintiffs from an order entered by Judge Phillips on 18 August 1994. Heard in the Court of Appeals 26 May 1995.

*Voerman & Carroll, P.A., by David P. Voerman, for plaintiff cross-appellants.*

*J. Randal Hunter for defendant appellant.*

**NOHEJL v. FIRST HOMES OF CRAVEN COUNTY, INC.**

[120 N.C. App. 188 (1995)]

COZORT, Judge.

In this case, we must decide two main issues: (1) Is a consent order regarding repairs to a dwelling enforceable through the contempt powers of the trial court; and (2) if so, is the contempt order entered below in error for failing to provide a means for defendant to purge himself of the contempt? We hold the facts of this case are such that the trial court had the authority to enforce the consent order through contempt, and we further hold the trial court erred by failing to provide for a means for defendant to purge himself of the contempt.

On 28 April 1987, plaintiffs purchased a home built by defendants. Defendant George Wilson is the president of defendant Wilson Construction Company. Plaintiffs filed a complaint against defendants on 10 February 1989 for breach of warranty for workmanlike construction and negligence in the construction of the home. At the commencement of the trial, the parties entered into a consent order which specified that defendant George Wilson (hereinafter "defendant") would be responsible for repairs to the home; that defendant would bear the costs of the repairs; and that defendant would pay plaintiffs the sum of $4,000.00. The consent order contained a provision that all of its conditions would be completed within 120 days. In the event the conditions were not fulfilled, either party had the power to file the order in superior court and seek its enforcement "by specific performance, contempt, or any other method that may be available."

Defendant failed to comply within the 120-day period, and plaintiffs filed the order in Craven County Superior Court on 6 July 1992. On 15 February 1993 plaintiffs filed a motion for contempt based on the consent order. Judge Phillips issued a show cause order on 4 March 1993 directing defendant to appear in court to show cause why he should not be held in contempt for noncompliance with the consent order.

On 27 April 1993, defendant appeared before Judge Phillips, who entered an oral order appointing a general contractor, Mr. Alex Cardelli, to inspect plaintiffs' home and prepare a document outlining the repairs to be made by defendant. The trial court also required Mr. Cardelli to propose a timetable between sixty and ninety days for the completion of the repairs by defendant. The court reserved its right to rule on the contempt motion and an award of attorney fees to plaintiffs. Mr. Cardelli filed his report with the court on 19 May 1993.

Defendant was required to complete the repairs no later than 29 October 1993 because Judge Phillips did not sign the order until 29 July 1993.

Judge Phillips issued a second show cause order on 20 January 1994 because defendant still had not completed the repairs. On 28 January 1994, Judge Phillips conducted a hearing, found defendant in civil contempt, and sentenced defendant to 21 days in jail. The court again reserved the right to rule on plaintiff's motion for attorney fees and costs. Defendant filed notice of appeal from the contempt order on 23 February 1994.

The contempt order was filed with the Clerk of Superior Court on 14 July 1994, and on 26 July 1994 plaintiffs made a motion for attorney fees. Judge Phillips conducted a hearing on 15 August 1994 and ruled that the court lacked jurisdiction to enter an order regarding attorney fees because defendant had previously filed notice of appeal. The trial court further stated that if it did have jurisdiction, it would award attorney fees of $5,280.00 to plaintiffs' attorney. Plaintiffs filed notice of appeal from this order on 29 August 1994.

Defendant brings forth three issues on appeal: (1) whether the consent order was enforceable by contempt; (2) whether the findings of fact in the contempt order were supported by competent evidence; and (3) whether the contempt order was valid when it did not provide defendant a means of purging the contempt. Plaintiffs' only contention on appeal is that the trial court maintained jurisdiction to rule on attorney fees and should have entered an award of attorney fees for plaintiffs. We discuss defendant's arguments first.

If a consent judgment is merely a recital of the parties' agreement and not an adjudication of rights, it is not enforceable through the contempt powers of the court. *Crane v. Greene*, 114 N.C. App. 105, 107, 441 S.E.2d 144, 145 (1995). In *Crane*, the court observed that the consent judgment did not reflect any determination by the trial court because it contained no findings of fact and no conclusions of law. *Id.* Therefore, the judgment was enforceable only through a breach of contract action. *Id.*

The consent order in the present case was entered into by the parties as their trial commenced during the 3 February 1992 term of Craven County Civil Superior Court. After defendant failed to comply with the terms of the agreement, plaintiffs filed the consent order in superior court. The consent order was entered by Judge Phillips on 2

NOHEJL v. FIRST HOMES OF CRAVEN COUNTY, INC.

[120 N.C. App. 188 (1995)]

July 1992 and contained findings of fact and an order based on those findings. We find the order at issue here distinguishable from the order issued in *Crane*, and we hold the trial court below had the authority to enforce the order through contempt powers.

Defendant's contention that the findings of fact in the contempt order were not supported by competent evidence is unpersuasive. The trial court did not base its decision to find defendant in civil contempt on the findings of fact questioned by defendant as not supported by competent evidence. Those findings were ancillary to the court's order. For civil contempt, the defendant must be able to comply with the order or take reasonable measures that would enable him to comply with the order. *Teachey v. Teachey*, 46 N.C. App. 332, 334, 264 S.E.2d 786, 787 (1980). Judge Phillips' contempt order contained findings of fact, supported by competent evidence, which met this standard. The evidence supports a finding of civil contempt against defendant.

We are persuaded by defendant that the trial court erred by failing to provide defendant with a means to purge himself of the contempt. "The order of the court holding a person in civil contempt must specify how the person may purge himself of the contempt." N.C. Gen. Stat. § 5A-22(a) (1994 Cum. Supp.). The purpose of civil contempt is not to punish, but to coerce the defendant to comply with the order. *Bethea v. McDonald*, 70 N.C. App. 566, 570, 320 S.E.2d 690, 693 (1984). The contempt order in *Bethea* was vacated because it failed to specify how defendant could purge the contempt as required by N.C. Gen. Stat. § 5A-22(a). *Id.* The contempt order in the present case also fails to specify how defendant could purge the contempt. The order thus serves to punish defendant instead of coercing him to complete the overdue repairs. For this reason alone, the order must be remanded for entry of provisions regarding how defendant can purge the contempt.

We now turn to plaintiff's appeal. While we find the trial court maintained jurisdiction over the issue of attorney fees, we hold an award of fees and costs would not be proper in the present case. Absent express statutory authority for doing so, attorney fees are not recoverable as an item of damages or costs. *Powers v. Powers*, 103 N.C. App. 697, 407 S.E.2d 269, 275 (1991). Our Court has allowed attorney fees in limited types of civil contempt actions such as those involving child support and equitable distribution. *See, e.g., Blair v. Blair*, 8 N.C. App. 61, 173 S.E.2d 513 (1970). There is no express con-

tractual provision or statutory authority permitting plaintiffs to recover attorney fees in the present case. Plaintiffs may not recover attorney fees as damages or as costs. The trial court's order of 18 August 1994 making a conditional award of attorney fees is vacated.

For the reasons discussed above, we remand this case to the trial court for modification of the contempt order to include instructions regarding how defendant may purge himself of the contempt. The 18 August 1994 order pertaining to attorney fees is vacated.

Affirmed in part, reversed in part, vacated in part and remanded.

Judges JOHN and WALKER concur.