GENERAL MOTORS ACCEPTANCE CORPORATION, PLAINTIFF v. WILLIAM GUY WRIGHT AND JOYCE LEMONDS WRIGHT, DEFENDANTS

No. COA02-136

(Filed 17 December 2002)

**1. Contempt— civil—consent judgment—separation agreement not adopted or approved by court**

The trial court did not err by holding appellant wife in civil contempt for failing to honor her payment obligations pursuant to a consent agreement that was memorialized in a separation agreement on a debt she and her former husband owed jointly to plaintiff corporation for a car even though the separation agreement was not adopted or approved by the court, because: (1) appellant was held in contempt for failure to comply with the consent judgment and not the separation agreement, and the consent judgment required appellant to specifically perform her obligation created under the separation agreement; (2) if a spouse does not perform her part of a valid separation agreement, which has not been incorporated into a court order, the opposing spouse may obtain from the court a decree of specific performance of the separation agreement which is enforceable through contempt proceedings; and (3) the parties' consent judgment was, in essence, a decree of specific performance and legally enforceable through contempt proceedings if it was adopted by the court.

**2. Contempt— civil—consent judgment—presumption of adoption by trial court—waiver**

The trial court did not err by holding appellant wife in civil contempt for failing to honor her payment obligations pursuant to a consent agreement that was memorialized in a separation agreement on a debt she and her former husband owed jointly to plaintiff corporation for a car even though appellant contends the consent judgment was not adopted by the court based on the trial court not making any findings of fact, because: (1) appellant expressly waived her right to allow the court to make such findings of fact; and (2) there was no evidence rebutting the presumption of adoption of the judgment by the trial court.

**3. Contempt— civil—consent judgment—capability to comply with conditions**

The trial court did not err by holding appellant wife in civil contempt for failing to honor her payment obligations pursuant to a consent agreement that was memorialized in a separation agreement on a debt she and her former husband owed jointly to plaintiff corporation for a car even though appellant wife contends the trial court did not find that appellant was presently capable of complying with its conditions, because the trial court's finding was sufficient to support the conclusion that appellant could comply with the contempt order including the facts that: (1) she was gainfully employed and she had no dependents at her home; (2) her living expenses and other obligations would not have prevented her from making the payments she was ordered; (3) appellant received a $10,000 insurance settlement from a house fire and she did not use the money to replace damaged or destroyed items in her home nor did she apply any of the proceeds to the pertinent loan obligation; and (4) appellant borrowed money from a commercial lending institution and used the money to repair another vehicle.

**4. Costs— attorney fees—civil contempt proceeding—specific performance of payment of marital debt**

The trial court did not err in a civil contempt proceeding by awarding attorney fees to appellee husband based on appellant wife's failure to honor her payment obligations pursuant to a consent agreement that was memorialized in a separation agreement on a debt she and her former husband owed jointly to plaintiff corporation for a car, because: (1) the parties agreed in their separation agreement that appellant would take possession of the

vehicle and be responsible for the indebtedness owed to plaintiff on that vehicle; (2) the parties assigned this marital asset and the accompanying marital debt to appellant in the same manner as any other marital asset or marital debt would be assigned to a spouse for purposes of equitable distribution; (3) the parties and the court adopted the relevant provision of the separation agreement in the consent judgment; (4) when appellant failed to perform, the court only awarded such fees as were incurred by appellee in enforcing the original consent judgment by bringing appellant before the court for contempt; and (5) there is no recognizable distinction between a court awarding attorney fees through contempt proceedings when a spouse fails to honor a marital debt arising out of an equitable distribution award and when a spouse fails to specifically perform payment of a marital debt arising out of a consent judgment.

Appeal by defendant Joyce Lemonds Wright from an order entered 13 February 1998 by Judge Lillian O'Briant (nor Jordan) in Montgomery County District Court. Heard in the Court of Appeals 30 October 2002.

*Bell and Browne, P.A., by Charles T. Browne, for defendant-appellee.*

*Central Carolina Legal Services, by Stanley B. Sprague and Jerry L. Eagle, for defendant-appellant.*

HUNTER, Judge.

Defendant Joyce Lemonds Wright ("Appellant") appeals from an order holding her in civil contempt for failing to honor her payment obligations on a debt she and her former husband, defendant William Guy Wright ("Appellee"), owed to plaintiff General Motors Acceptance Corporation ("GMAC"). We affirm.

On or about 17 May 1989, Appellant and Appellee financed a vehicle with a lender that assigned its rights to GMAC. The following year, the parties separated and subsequently entered into a separation agreement that granted possession of the vehicle to Appellant. In the agreement, Appellant agreed to pay the outstanding indebtedness owed to GMAC on the vehicle. However, when Appellant defaulted on the payments, GMAC repossessed and sold the vehicle. The sale resulted in a deficiency to GMAC.

**GENERAL MOTORS ACCEPTANCE CORP. v. WRIGHT**

[154 N.C. App. 672 (2002)]

GMAC filed a complaint on 10 December 1992 seeking a deficiency judgment jointly and severally against Appellant and Appellee. On 18 February 1993, entry of default was entered against Appellant for failure to timely plead, but a default judgment was never entered against her. Appellee filed an answer to GMAC's complaint on 29 June 1993 that included a cross-claim against Appellant. In his cross-claim, Appellee asked the court to enter an "order commanding [Appellant] to specifically perform her obligation under the separation agreement dated May 29, 1990 by paying the debt to the plaintiff as she obligated herself to do[.]"

Before the matter went to trial, all three parties entered into a consent judgment on 23 March 1994. Referencing the separation agreement, the consent judgment ordered Appellant to satisfy her and Appellee's joint indebtedness to GMAC by paying the sum of $50.00 per month until the debt was satisfied. The consent judgment further provided that should Appellant not timely pay, "GMAC would be entitled to execute upon its monetary judgment against [Appellee and Appellant], and [Appellee] would be entitled to execute upon his monetary judgment against [Appellant]."

On 16 December 1996, Appellee filed a motion for contempt against Appellant in Montgomery County District Court. In the motion, Appellee alleged that Appellant had willfully failed and refused to pay the judgment to GMAC pursuant to the consent judgment. Appellee asked that Appellant be (1) held in willful contempt for failure to abide by the terms of the consent judgment and (2) ordered to pay for his attorney's fees incurred as a result of the action.

Following a show cause hearing on 26 November 1997, an order was entered on 13 February 1998 in which the court found that Appellant had willfully failed to pay her obligation to GMAC despite having the ability to do so. Thus, Appellant was held in civil contempt, as well as ordered to pay the sum of $300.00 for Appellee's attorney's fees. On 26 February 1998, Appellant filed a motion asking the court to alter the 13 February 1998 order pursuant to Rule 59 of the North Carolina Rules of Civil Procedure. That motion was denied by an order entered on 3 October 2001. Appellant appeals the 13 February 1998 order holding her in contempt. She does not appeal the 3 October 2001 order denying her motion to alter the 13 February 1998 order.

I.

**[1]** By her first assignment of error, Appellant argues the trial court erred in holding her in civil contempt based on her failure to comply with the terms of a separation agreement that were not adopted or approved by the court. Appellant contends that since the separation agreement was neither a part of the court file nor presented to the court prior to or at the time of the consent judgment, it is enforceable only as an ordinary contract and not through the court's contempt powers. *See Bunn v. Bunn*, 262 N.C. 67, 69, 136 S.E.2d 240, 242 (1964). Although we agree with Appellant's statement of the law, we disagree with its application to the present case.

Here, Appellant was held in contempt for failure to comply with the consent judgment, not the separation agreement. The consent judgment required Appellant to *"specifically perform* her obligation, created under a Separation Agreement executed by her and [Appellee], to satisfy their joint indebtedness" to GMAC. (Emphasis added.) In North Carolina, the law is clear that "if a [spouse] does not perform his[/her] part of a valid separation agreement, which has not been incorporated into a court order, the [opposing spouse] may obtain from the court a decree of specific performance of the separation agreement which is enforceable through contempt proceedings." *McDowell v. McDowell*, 55 N.C. App. 261, 262, 284 S.E.2d 695, 696-97 (1981) (citations omitted). The parties' consent judgment was, in essence, a decree of specific performance and legally enforceable through contempt proceedings if it was adopted by the court. Thus, Appellant's first assignment of error is overruled.

II.

**[2]** By her second assignment of error, Appellant argues the court erred in holding her in contempt because the consent judgment was not adopted by the court. We disagree.

"[O]nce it is determined that a court has adopted [a] judgment, and the presumption favors adoption, the court may enforce its provisions upon a showing of willful failure to comply." *Henderson v. Henderson*, 55 N.C. App. 506, 512, 286 S.E.2d 657, 662 (1982). In the case *sub judice*, Appellant contends the consent judgment was not adopted as the court's determination of the respective rights and obligations of the parties because it contained no findings of fact. However, the consent judgment stated as follows: The parties "have each waived any recitation of such Findings of Fact and Conclusions of Law as might otherwise have been required to support the judg-

ment herein[.]" Since Appellant expressly waived her right to allow the court to make such findings of fact, this Court will not now rule that adoption of the consent judgment did not occur because of that waiver. Therefore, in light of Appellant's waiver and the absence of any evidence rebutting the presumption of adoption, we conclude the consent judgment was adopted by the court and enforceable through contempt proceedings.

### III.

**[3]** By Appellant's third assignment of error she argues the court erred in finding her in civil contempt without first finding that she was presently capable of complying with its purging conditions. We disagree.

In North Carolina, a proceeding for civil contempt is one instituted to preserve and enforce the rights of a private party to an action, and to compel obedience to a judgment or decree intended to benefit such parties. *Blue Jeans Corp. v. Clothing Workers*, 275 N.C. 503, 508, 169 S.E.2d 867, 869-70 (1969). Failure to comply with a court order is a continuing civil contempt as long as:

(1) The order remains in force;

(2) The purpose of the order may still be served by compliance with the order;

(2a) The noncompliance by the person to whom the order is directed is willful; and

(3) *The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.*

N.C. Gen. Stat. § 5A-21(a) (2001) (emphasis added). This Court's review of a trial court's finding of contempt is limited to a consideration of "whether the findings of fact by the trial judge are supported by competent evidence and whether those factual findings are sufficient to support the judgment." *McMiller v. McMiller*, 77 N.C. App. 808, 810, 336 S.E.2d 134, 136 (1985).

In the instant case, the trial court made the following finding of fact pertinent to Appellant's ability to comply with the contempt order:

5. [Appellant] has at all times since the entry of the consent judgment been gainfully employed, and by her own testimony

earned in excess of $9.00 per hour on one of her jobs. Moreover, [Appellant] has no dependents and at one time after the consent judgment was entered was earning approximately $1,240.00 per month gross income. During this period of time [Appellant's] living expenses and other obligations would not have prevented her from making the payments she was ordered to make in the March 23, 1994 judgment. The Court notes that in 1990 [Appellant] received a $10,000.00 insurance settlement (paid as a result of a fire she experienced in her home), and not withstanding that she did not use the money to replace damaged or destroyed items in her home, she applied none of the proceeds to the GMAC obligation. In addition, since the consent judgment was entered, [Appellant] borrowed $1,500.00 from a commercial lending institution and used the money to repair another vehicle.

This finding was based on evidence establishing as an affirmative fact that Appellant possesses the current ability to comply with the order. *See Hartsell v. Hartsell*, 99 N.C. App. 380, 385, 393 S.E.2d 570, 574 (1990). Plaintiff does not contend the evidence was not competent. Thus, we conclude the court's finding was sufficient to support the conclusion that Appellant could comply with the contempt order.

IV.

**[4]** By her final assignment of error, Appellant argues the court erred in awarding attorney's fees to Appellee.

Our state law generally does not allow for the recovery of attorney's fees as an item of damages or of costs absent express statutory authority. *Records v. Tape Corp. and Broadcasting System v. Tape Corp.*, 18 N.C. App. 183, 188, 196 S.E.2d 598, 602 (1973). In civil contempt actions, this Court has upheld an award of attorney's fees "where such fees were expressly authorized by statute as in the case of child support." *Smith v. Smith*, 121 N.C. App. 334, 339, 465 S.E.2d 52, 55 (1996). "[T]his Court has [also] upheld the awarding of attorney's fees under the court's broad contempt powers to enforce equitable distribution awards where attorney's fees were not expressly authorized by statute." *Id.* (citing *Hartsell*).

Here, Appellant contends the debt she owed on the vehicle was a *consumer* debt. As such, she argues there is no statutory authority expressly allowing for the award of attorney's fees in civil contempt actions for failure to pay this type of debt. Appellee essentially con-

**GENERAL MOTORS ACCEPTANCE CORP. v. WRIGHT**

[154 N.C. App. 672 (2002)]

tends that the debt was actually a *marital* debt that Appellant promised to pay. He argues the debt is therefore analogous to an equitable distribution award, which permits an award of attorney's fees through the court's contempt powers. We conclude Appellee's analogy is meritorious.

The parties in the present case agreed in their separation agreement that Appellant would take possession of the vehicle and be responsible for the indebtedness owed to GMAC on that vehicle. In doing so, the parties assigned this marital asset, and the accompanying marital debt, to Appellant in the same manner as any other marital asset or marital debt would be assigned to a spouse for purposes of equitable distribution. Thereafter, the parties and the court adopted the relevant provision of the separation agreement in a consent judgment that ordered Appellant to specifically perform her payment obligation to GMAC. When Appellant failed to perform, the court only awarded such fees as were incurred by Appellee in enforcing the original consent judgment by bringing the Appellant before the court for contempt. *See Hartsell*, 99 N.C. App. at 390, 393 S.E.2d at 576. Under these facts, we hold there is no recognizable distinction between a court awarding attorney's fees through contempt proceedings when a spouse fails to honor a marital debt arising out of an equitable distribution award and when a spouse fails to specifically perform payment of a marital debt arising out of a consent judgment. Thus, having concluded the award was otherwise supported by proper findings of fact, the trial court did have the authority to award attorney's fees as a condition of purging contempt due to Appellant's failure to comply with the consent judgment.

For the aforementioned reasons, we affirm the trial court's order of civil contempt.

Affirmed.

Judges WYNN and TIMMONS-GOODSON concur.