RUDOLPH LEONARD BAXLEY, JR., PLAINTIFF v. TIMOTHY O. JACKSON, LEISA S. JACKSON AND ROSEWOOD INVESTMENTS, L.L.C., DEFENDANTS

No. COA05-1428

(Filed 3 October 2006)

**1. Civil Procedure— Rule 60—not an alternative to appellate review**

Rule 60(b)(6) may not be used as an alternative to appellate review. The trial court here properly denied defendants' Rule 60 motion for relief where defendants had not perfected a prior appeal; they may not now seek a second bite at the apple through Rule 60.

**2. Contempt— settlement agreement—specific performance order**

The trial court did not err by finding defendants in contempt in an action arising from the settlement of a dispute from the construction and sale of a house. The court was not holding defendants in contempt for breach of the settlement agreement as defendants contended, but for failure to comply with an order of specific performance.

**3. Appeal and Error— preservation of issues—constitutional argument—failure to raise at trial**

A constitutional argument not raised at trial could not be raised on appeal.

**4. Costs; Contempt— attorney fees—contempt proceeding— incorrectly allowed as sanction**

The trial court erred by awarding attorney fees in a civil contempt proceeding arising from a settlement agreement and an order of specific performance in a dispute over the construction of a house. There are no cases approving attorney fees in civil contempt proceedings that do not involve child support or equitable distribution, the court's orders do not refer to any contractual agreement authorizing attorney fees, and there is no statutory authority allowing the trial court to award attorney fees as a sanction in this case.

Appeal by defendants from a memorandum decision and an order entered 14 June 2005 by Judge E. Lynn Johnson in Cumberland County Superior Court. Heard in the Court of Appeals 14 August 2006.

*The Yarborough Law Firm, by Garris Neil Yarborough, for plaintiff-appellee.*

*McCoy Weaver Wiggins Cleveland Rose Ray, PLLC, by Richard M. Wiggins and James A. McLean, III, for defendant-appellants.*

HUNTER, Judge.

Timothy O. Jackson, Leisa S. Jackson, and Rosewood Investments, L.L.C. (collectively "defendants") appeal from orders of the trial court finding them in civil contempt and awarding plaintiff attorneys' fees. We affirm in part the order of the trial court finding defendants in civil contempt but vacate that portion of the order awarding attorneys' fees, as well as the order entered 14 June 2005 awarding attorneys' fees.

The procedural history of the instant case is a long and complicated one. On 21 December 2000, Rudolph Leonard Baxley, Jr. ("plaintiff") filed a complaint against defendants in Cumberland County Superior Court setting forth claims of breach of contract, breach of fiduciary duty, fraud, unfair and deceptive trade practices, and quantum meruit, arising from the construction and sale of a residential home. During trial of the case, defendants agreed to settle the matter for the sum of $87,500.00, and the trial court approved the settlement. The trial court noted that the settlement agreement was "enforceable by order of the Court."

When defendants subsequently failed to pay plaintiff the agreed-upon sum, the trial court issued an order on 10 January 2003 for

defendants to appear and show cause for failure to comply with the consent order.[1] Following the show cause hearing, the trial court issued an order of specific performance, dated 16 June 2003, requiring defendants to comply with the terms of the settlement agreement. Defendants gave notice of appeal to this Court. Pending appeal of the order, a dispute arose over the issue of an appropriate security deposit to stay the lower court proceedings. Plaintiff filed yet another motion to show cause. On 25 August 2003, the trial court issued a second order for defendants to appear and show cause for failure to comply with the order and to address "other possible sanctions[.]" Upon consideration of the motion, however, the trial court determined it did not have jurisdiction to hear the contempt matter, as the earlier 16 June 2003 order was still pending appeal, and accordingly dismissed the show cause order. This Court subsequently dismissed defendants' appeal due to their failure to properly assign error to the order from which they appealed. Our Supreme Court denied discretionary review of the dismissal 6 April 2005.

Following dismissal of defendants' appeal, plaintiff renewed his motion for a show cause order. On 27 April 2005, the trial court once again issued an order for defendants to appear and show cause for failure to comply with the earlier 16 June 2003 order requiring specific performance. On 10 May 2005, defendants filed a "Motion to

---

1. We note that in the statement of the facts presented in defendants' brief, defendants pose various explanations for their failure to honor the settlement agreement. For example, defendants state that they "were concerned about the propriety of the settlement agreement, which, upon reflection, appeared to run afoul of Rule 1.8(i) of the Revised Rules of Professional Conduct[.]" Defendants cite to nothing in the record to support these assertions, and we have found none. There is no evidence in the record as to the reasons behind defendants' failure to pay. Indeed, defendants' attorney at the later contempt hearing stated that

I do not . . . sanction [their actions] and say that the actions of Tim and Leisa Jackson and Rosewood w[ere] appropriate. I make no statement to that effect. And [I] don't know for what reason that this matter has gotten to the place that it is. But for some reason, whatever that reason was, they changed their mind. Did not—decided they did not want to proceed along the lines of paying that money as had been agreed to in that—in the settlement discussions.

The trial court found that defendants presented no evidence at the contempt hearing regarding their reasons or inability to pay plaintiff.

Rule 28(b)(5) of the Appellate Rules of Procedure requires the statement of the facts to be a "non-argumentative summary of all material facts underlying the matter in controversy which are necessary to understand all questions presented for review, *supported by references* to pages in the transcript of proceedings, the record on appeal, or exhibits, as the case may be." N.C.R. App. P. 28(b)(5) (emphasis added). Defendants' inclusion of "facts" not supported by the record is inappropriate and we therefore give them no heed.

Reconsider Pursuant to N.C.R.C.P. 60(b)" requesting the trial court to vacate the 16 June 2003 order on the grounds that it was contrary to established law. The trial court heard the motions the same day. Upon consideration of the matter, the trial court rejected defendants' legal arguments, finding instead that the 16 June 2003 order of specific performance remained in effect, that defendants had the means to comply with the order, and that defendants' failure to comply with the order was willful. Accordingly, in an order entitled "Memorandum Decision" dated 14 June 2005, the trial court denied defendants' motion for appropriate relief and found defendants to be in civil contempt of the 16 June 2003 order. The trial court ordered defendants into the custody of the sheriff's department unless they chose to purge the contempt through appropriate payment to plaintiff. The trial court entered a separate order ordering defendants to pay attorneys' fees to plaintiff's counsel as a sanction for delaying the trial court in the administration of justice through the use of their dilatory acts. Defendants now appeal from the trial court's orders finding them in civil contempt and ordering them to pay attorneys' fees.

**[1]** Defendants first argue the trial court erred by denying their motion for relief pursuant to Rule 60(b)(6) from the 16 June 2003 order of specific performance. This argument has no merit.

Under section 1A-1, Rule 60(b)(6) of our Rules of Civil Procedure, a judgment may be set aside for any reason "justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) (2005). "Rule 60(b)(6) is equitable in nature and permits a trial judge to exercise his discretion in granting or withholding the desired relief." *Piedmont Rebar, Inc. v. Sun Constr., Inc.*, 150 N.C. App. 573, 575, 564 S.E.2d 281, 283 (2002). Accordingly, the trial court's ruling "may be reversed on appeal only upon a showing that the decision results in a substantial miscarriage of justice." *Id.* Moreover, it is well settled that Rule 60(b)(6) does not include relief from errors of law or erroneous judgments. *Garrison ex rel. Chavis v. Barnes*, 117 N.C. App. 206, 210, 450 S.E.2d 554, 557 (1994). " 'The appropriate remedy for errors of law committed by the court is either appeal or a timely motion for relief under N.C.G.S. Sec. 1A-1, Rule 59(a)(8).' " *Id.* (quoting *Hagwood v. Odom*, 88 N.C. App. 513, 519, 364 S.E.2d 190, 193 (1988)).

In the present case, defendants based their Rule 60(b)(6) motion for relief on alleged errors of law. Rule 60(b)(6) may not be used as

an alternative to appellate review, however. *See id.* Although defendants properly appealed the 16 June 2003 order to this Court, they failed to perfect such appeal, leading to dismissal. Our Supreme Court denied defendants' petition for discretionary review. Defendants may not now seek a "second bite at the apple" through Rule 60(b)(6). As such, the trial court properly denied defendants' Rule 60 motion for relief.

**[2]** By their second assignment of error, defendants argue the trial court erred in finding them in contempt of the 16 June 2003 order of specific performance. "This Court's review of a trial court's finding of contempt is limited to a consideration of 'whether the findings of fact by the trial judge are supported by competent evidence and whether those factual findings are sufficient to support the judgment.' " *General Motors Acceptance Corp. v. Wright*, 154 N.C. App. 672, 677, 573 S.E.2d 226, 229 (2002) (quoting *McMiller v. McMiller*, 77 N.C. App. 808, 810, 336 S.E.2d 134, 136 (1985)). Defendants argue that breach of a settlement agreement is not subject to the contempt power of the court. Defendants further argue the 16 June 2003 order is unconstitutional and that their failure to comply with the order cannot properly support a finding of contempt. We do not agree.

The trial court did not hold defendants in contempt for breach of the parties' settlement agreement. It held them in contempt for failure to comply with the order of specific performance issued by the court. It is well established that a party seeking enforcement of a settlement agreement may petition the court for an order of specific performance. *See State ex rel. Howes v. Ormond Oil & Gas Co.*, 128 N.C. App. 130, 136, 493 S.E.2d 793, 797 (1997) (noting that a settlement agreement may be enforced by filing a new action or by filing a motion in the cause). An order of specific performance, in turn, is enforceable through the contempt powers of the court. *See* N.C. Gen. Stat. § 5A-21 (2005); *General Motors Acceptance Corp.*, 154 N.C. App. at 676, 573 S.E.2d at 228 (stating that "[t]he parties' consent judgment was, in essence, a decree of specific performance and legally enforceable through contempt proceedings if it was adopted by the court"). Defendants' argument to the contrary is without merit.

**[3]** Defendants contend that the earlier 16 June 2003 order was unconstitutional and may not properly form the basis for a contempt charge. Defendants never made this argument to the trial court, however, and may not raise it for the first time on appeal. *Anderson v. Assimos*, 356 N.C. 415, 416, 572 S.E.2d 101, 102 (2002). We therefore

dismiss this argument, and overrule defendants' second assignment of error.

[4] Finally, defendants argue the trial court erred in awarding attorneys' fees as a sanction in its orders. We agree.

"It is settled law in North Carolina that ordinarily attorneys fees are not recoverable either as an item of damages or of costs, absent express statutory authority for fixing and awarding them." *Records v. Tape Corp. and Broadcasting System v. Tape Corp.*, 18 N.C. App. 183, 187, 196 S.E.2d 598, 602 (1973); *see also Nohejl v. First Homes of Craven County, Inc.*, 120 N.C. App. 188, 191, 461 S.E.2d 10, 12 (1995) ("[a]bsent express statutory authority for doing so, attorney fees are not recoverable as an item of damages or costs"). Because contempt is considered an offense against the State, rather than an individual party, "damages may not be awarded to a private party because of any contempt[.]" *M. G. Newell Co. v. Wyrick*, 91 N.C. App. 98, 102, 370 S.E.2d 431, 434 (1988); *see also Records*, 18 N.C. App. at 187, 196 S.E.2d at 601-02 (holding that "by virtue of the criminal nature of contempt proceedings and the statutory provisions for enforcement of the contempt power by punishment only, a trial judge in North Carolina has no authority to award indemnifying fines or other compensation to a private plaintiff in a contempt proceeding").

In *Nohejl*, the defendant appealed from an order of civil contempt entered by the trial court after the defendant failed to comply with a consent order agreed to by the parties. Upon review, this Court determined that the trial court had no authority to award attorneys' fees to the plaintiffs' attorney in connection with the contempt order. *Nohejl*, 120 N.C. App. at 191-92, 461 S.E.2d at 12. The Court acknowledged that attorneys' fees had been awarded in limited types of civil contempt actions; specifically, those involving child support and equitable distribution. *Id.* (citing *Blair v. Blair*, 8 N.C. App. 61, 173 S.E.2d 513 (1970) (awarding attorneys' fees in a contempt action to enforce child support); *see also Hartsell v. Hartsell*, 99 N.C. App. 380, 393 S.E.2d 570 (1990) (awarding attorneys' fees in a contempt action to enforce equitable distribution award). However, as the plaintiffs' action did not arise in the context of enforcement of a child support or equitable distribution proceeding, and as there was "no express contractual provision or statutory authority permitting plaintiffs to recover attorney fees," the trial court was without authority to award such. *Nohejl*, 120 N.C. App. at 191-92, 461 S.E.2d at 12; *see also Powers v. Powers*, 103 N.C. App. 697, 707, 407 S.E.2d

BAXLEY v. JACKSON

[179 N.C. App. 635 (2006)]

269, 276 (1991) (declining to extend cases awarding attorneys' fees in contempt actions beyond ones originating in child support or equitable distribution).

Plaintiff cites *Few v. Hammack Enter., Inc.*, 132 N.C. App. 291, 298, 511 S.E.2d 665, 670 (1999), for the proposition that "[e]ven absent an express grant of authority . . . trial courts have inherent authority to impose sanctions for wilful failure to comply with the rules of court." However, *Few* concerned the authority of the court to sanction a party by striking their answer and counterclaim, not the imposition of attorneys' fees. *Id.* at 298-99, 511 S.E.2d at 670; *see also Lomax v. Shaw*, 101 N.C. App. 560, 563, 400 S.E.2d 97, 98 (1991) (holding that the trial court had the inherent authority to strike the defendants' answer for failure to execute a consent judgment). We have found no cases approving an award of attorneys' fees in a civil contempt proceeding outside those arising in the context of enforcement of a child support or equitable distribution action. The orders entered by the trial court in the instant case contain no reference to any contractual agreement or statutory authority authorizing the imposition of attorneys' fees. Rather, the 14 June 2005 order states that "[t]he dilatory acts of the Defendants ha[ve] hindered and delayed the Court in the administration of justice" and that "[a]s a sanction, the Defendants are ordered to pay to The Yarborough Law Firm the sum of $10,557.00 within 10 (ten) days from [the] date of this Order." Because there is no statutory authority allowing the trial court to impose attorneys' fees as a sanction for defendants' failure to comply with the order of specific performance, the trial court was without authority to award attorneys' fees. *Nohejl*, 120 N.C. App. at 191-92, 461 S.E.2d at 12; *Powers*, 103 N.C. App. at 707, 407 S.E.2d at 276; *Records*, 18 N.C. App. at 187, 196 S.E.2d at 602. We therefore vacate the 14 June 2005 order of the trial court imposing attorneys' fees, as well as that portion of the trial court's 14 June 2005 memorandum decision awarding attorneys' fees.

We affirm in part the memorandum decision of the trial court finding defendants in civil contempt but vacate that portion of the order awarding attorneys' fees. We also vacate the order entered 14 June 2005 awarding attorneys' fees.

Affirmed in part, vacated in part.

Chief Judge MARTIN and Judge McCULLOUGH concur.